# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LARRY LEON BRYANT** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **7:23-cv-08016-LSC** |
| ) | **(7:19-cr-00314-LSC-JHE)** |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

### I. Introduction

Larry Leon Bryant ("Bryant" or "Petitioner") has filed with the Clerk of this Court, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 12.) For the reasons set forth below, Bryant's § 2255 motion is due to be denied and this action dismissed without an evidentiary hearing.

### II. Background

#### A. Facts

Officers received a call from the brother of the defendant ("Madison"), stating that his brothers' vehicle was reported stolen earlier that evening. (Cr.

Doc. 50 at 6.)[1] Madison said him and the defendant located the stolen vehicle on the roadway and fired shots toward the driver. (*Id.*) When police arrived at the scene, they recovered a firearm from the waistband of Madison. (*Id.* at 7.) After being questioned, Madison told officers that his brother also had a firearm, but Madison took it from him and hid it in the center console of one of their vehicles. (*Id.*) Bryant later admitted to having a firearm and stated that he fired it in self-defense. (*Id.*)

### B. Trial and Sentencing

Bryant was charged in a superseding indictment filed on July 30, 2019[2] with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 12.) A jury returned a guilty verdict against Bryant on October 8, 2019. (Cr. Doc. 34.) On August 27, 2020, judgment was entered, and the defendant was sentenced to a total term of 262 months. (Cr. Doc. 51.) Bryant appealed his sentence, and it was affirmed by the Eleventh Circuit on June 3, 2022. (Cr. Doc. 71.)

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:19-cr-00314-LSC-JHE.

[2] Government requested a superseded indictment to conform with finding in *Rehaif v. United States*, which established that the Government was required to prove that Petitioner had knowledge of his relevant disqualifying status under 18 U.S.C. § 922(g)(1). (Doc. 12 at 2.)

### C. § 2255 Proceedings

On April 28, 2023,[3] Bryant executed his § 2255 motion, which was entered by the Clerk on June 5, 2023. Bryant asserts the following grounds upon which § 2255 relief should be granted:

1. Ineffective Assistance of Trial Counsel at Trial – Petitioner alleges that trial counsel made errors in failing to adequately investigate and present certain evidence that would have supported a justification defense. (Doc. 2 at 5–14.)

2. Ineffective Assistance of Trial Counsel at Sentencing – Petitioner alleges that trial counsel erred in not contesting the Government's use of certain predicate convictions at sentencing. (*Id.* at 14–15.)

3. Ineffective Assistance of Appellate Counsel – Petitioner alleges that counsel was ineffective for filing an *Anders* brief and failing to raise issues with sentencing under 18 U.S.C. 924(e) (the "ACCA") and jury instructions given at trial. (*Id.*)

4. Due Process – Petitioner alleges that his Fifth Amendment rights were violated because the jury instructions did not include awareness of felon status as an element and because the ACCA was wrongfully applied at sentencing. (*Id.* at 16-17.)

For the reasons outlined below, this Court finds that the § 2255 motion is due to be dismissed.

### III. Timeliness

---

[3] The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing, presumptively,… the day that he signed it." Jones v. United States, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

Judgment was entered against Petitioner on August 27, 2020. (Cr. Doc. 51.) He appealed that decision, and it was affirmed on June 3, 2022. (Cr. Doc. 71.) Petitioner signed his § 2255 petition on April 28, 2023. (Doc. 2.) Because Petitioner filed his § 2255 motion within one year of the date that the judgment of his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255(f)(1).

Petitioner is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at §§ 2255(h), 2244(b)(3)(A).

## IV.  Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned,

result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the court to conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V. Discussion

### A. Merits of Bryant's § 2255 Motion

#### i. Ineffective Assistance of Counsel

Petitioner asserts three grounds of ineffective assistance of counsel in his § 2255 pleadings. These assertions are meritless and due to be dismissed

without a hearing. An ineffective assistance of counsel claim has two components: (1) the petitioner "must show that the counsel's performance was deficient" and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must

identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691.

Bryant asserts that his trial counsel provided ineffective assistance during the trial and at his sentencing and that his appellate counsel also provided ineffective assistance on appeal. (Doc. 2 at 5, 14.)

### a. Ineffective Assistance of Trial Counsel at Trial

Bryant alleges that counsel was ineffective at trial because counsel did not sufficiently investigate or present evidence related to 911 call transcripts, body and traffic camera footage, and the criminal record of the car thief. (*Id.* at 12.) However, this Court finds that counsel acted reasonably regarding such

evidence and, that even if he did not, any alleged error did not prejudice Bryant's defense. Moreover, even under the set of facts Bryant perpetuates, he cannot establish a justification defense, thus, it is impossible for him to establish the second prong of ineffective assistance of counsel.

### i. Alleged Errors Related to Evidence

#### 1. 911 Calls

Bryant alleges that counsel was ineffective in how he investigated and presented the 911 calls that Bryant made related to the theft of his vehicle. (*Id.* at 11.) First, Bryant alleges that the Government did not provide all the 911 calls he made on the day of the incident and that counsel was ineffective for not requesting the additional calls. (*Id.* at 11.) Outside of Bryant's assertion that the police failed to turn over all the relevant 911 calls, there is nothing in the record that supports the existence of additional 911 calls. In fact, during cross examination, counsel asked the police lieutenant working at the call center whether there were any missing calls made by Bryant. (Cr. Doc. 65 at 79–80.) Alternatively, Bryant alleges that all the calls were provided and that his attorney made an error by not playing the recordings for the jury at trial. (Doc. 20 at 1-2.) Bryant did testify as to the contents of all the 911 calls that he made at trial, however. (Cr. Doc. 66 at 109.)

Because counsel asked the lieutenant whether there were any missing calls and presented evidence of the 911 calls through Bryant's testimony, Bryant's allegations fail to establish that counsel acted unreasonably. Therefore, he fails to establish the first prong of ineffective assistance of counsel as it relates to the 911 calls. Moreover, even if this Court found that counsel acted unreasonably, the alleged error regarding the 911 calls did not prejudice Bryant's defense because the jury still heard his testimony as to the contents of the calls.

### 2. Body and Traffic Camera Footage

Bryant also alleges that counsel was ineffective because he did not press the government to turn over additional body and traffic camera footage for investigation. (Doc. 20 at 3.) Bryant speculates that the Government had additional footage that showed him acting in self-defense but provides no actual evidence to support this claim. (*Id.*; doc. 2 at 12-14.) He also alleges that the Government doctored footage in the video presented at trial and that if the full video had been shown the jury would have seen him acting in self-defense. (Doc. 2 at 12-14.) However, counsel viewed the entire video and did not note anything to support Bryant's self-defense claim. (Doc. 12-1 at 4.)

Because Counsel reasonably relied on the numerous traffic and body camera videos that the Government provided and did not present video that, in his opinion, failed to support a justification defense, Bryant failed to establish the first prong of ineffective assistance as it relates to the camera footage. (Docs. 12 at 9, 12-1 at 3.) Further, even if counsel was unreasonable, any alleged error relating to the video did not prejudice Petitioner's defense because he testified as to the events he claims would have been depicted in the video. (Cr. Doc. 66 at 125.)

### 3. Thief's Criminal Record

In addition, Bryant alleges that counsel was ineffective because he did not sufficiently research the criminal record of the car thief and file a motion to suppress his testimony. (Doc. 2 at 12.) As the Government notes, this issue is irrelevant because the thief did not testify at trial. (Doc. 12 at 8) Moreover, this testimony would not support Bryant's justification argument as nothing in the record indicates that Bryant knew the identity of the car thief during the episode. Because of the reasons above, counsel was reasonable in not pursuing the thief's criminal history and, even if he acted unreasonably, his failure to do so did not prejudice Petitioner's defense.

### ii. Impossibility of Justification Defense

In addition to failing to establish ineffective assistance of counsel through the evidentiary issues raised above, Bryant also fails to establish the second prong of ineffective assistance of counsel because, even if all the facts are as he alleges, he could not have established a justification defense.

Justification in the context of felon in possession of a firearm should be applied narrowly. *U.S. v. Deleveaux*, 205 F.3d 1292, 1297 (2000). In order to establish justification, a defendant needs to prove:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id*.

Here, Bryant asserts that had trial counsel better investigated the 911 calls, the body and traffic camera footage, and the thief's criminal history, counsel would have been able to successfully assert a justification defense. (Doc. 2 at 9-13.) However, even if the facts were exactly as Bryant conveyed, his justification defense still fails.

Even under Bryant's version of events, he could not have met the second and third elements of justification. The second element requires that the

Page **11** of **19**

defendant did not place himself in a situation where he would be forced to engage in criminal conduct. *Deleveaux*, 205 F.3d at 1297. Bryant failed the second element when he chose to search for his car and recklessly confronted the thief on Skyland Boulevard. (Cr. Doc. 65 39–42; doc. 12-3 at 10–11.) Likewise, Bryant does not meet the third requirement of having no legal alternative to breaking the law. *Deleveaux,* 205 F.3d at 1297. He could have reasonably waited on law enforcement to handle the situation instead of taking matters into his own hands. (Doc. 2 at 11; cr. doc. 65 at 39–42.) Given these facts, Bryant cannot establish that his defense was prejudiced by any alleged errors made by his trial counsel, and therefore, ground one is due to be dismissed for this reason as well.

### b. Alleged Errors of Trial Counsel at Sentencing

Bryant alleges that trial counsel was ineffective because he did not contest the application of the ACCA at sentencing. (Doc. 2 at 7.) Specifically, that counsel failed to contest the Government's treatment of the three predicate convictions as separate convictions under the occasions clause of the ACCA. (Doc. 2 at 7-8.)

Under the ACCA, the sentence for a defendant convicted under 18 U.S.C. 922(g) automatically carries a minimum term of fifteen years when he or she

has three prior "serious drug offense" convictions that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A serious drug offense includes an offense under state law that involves the distribution of a controlled substance and that carries a maximum term of at least ten years. *Id.* § 924(e)(2)(ii). Per the occasions clause of the ACCA, if the qualifying convictions were all part of the same occurrence, they are bundled and only count as one predicate conviction. *See United States v. Wooden.* 595 U.S. 360, 368-69 (2022). A single factor such as time "can decisively differentiate occasions", and "[c]ourts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id.* at 370 (citing *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir. 1993)); *United States v. Haynes*, No. 19-12335, 2022 WL 3643740, at *5 (11th Cir. 2022) (finding that predicate offenses that occurred fourteen days apart one another each represented a single occasion).

Bryant asserts that counsel was ineffective because counsel did not argue that Bryant's three predicate convictions should be treated as one for purposes of the ACCA. (Doc. 2 at 7-8.) The state of Alabama charged Bryant with three distinct counts of Unlawful Distribution of a Controlled Substance based on events that occurred on July 18, August 2, and August 8 of 2012 and he pled

guilty to all three on February 4, 2014. (Cr. Doc. 75-2, 75-3, 75-4; doc. 2 at 5.) In preparation for trial, counsel claims to have visited Bryant and went over the three predicate convictions that the government planned to use and how they would impact sentencing. (Doc. 12-1 at 2.) During this meeting, counsel alleges Bryant did not raise any concerns regarding the use of the convictions at sentencing. (*Id.*) Moreover, counsel did object to the Government's presentation of the prior convictions at sentencing by arguing that they unfairly prejudiced Bryant's defense. (Cr. Doc. 67 at 20.) Bryant asserts that because he was convicted for all three charges on the same day and because he had the same motivation and method for each, they should be treated as one under the ACCA. (Doc. 2 at 7.)

Because counsel acted reasonably by reviewing the convictions with Bryant and objecting at sentencing, Bryant fails to establish that counsel acted unreasonably. Therefore, Bryant fails to establish the first prong of ineffective assistance. Moreover, even if this Court found that counsel acted unreasonably, any error did not prejudice Bryant's defense because all the acts occurred on different days which, despite Bryant's allegations, supports that each was a

distinct occurrence under the ACCA.[4] Therefore, Bryant's second ground is due to be dismissed.

### c. Alleged Error on Appeal

Bryant alleges that his appellate counsel[5] was ineffective in filing an *Anders* brief because in doing so, counsel failed to contest the three predicate convictions used to satisfy the ACCA and the jury instructions. (Doc. 2 at 14–15.) As explained below, these issues are due to be dismissed.

### i. Alleged Error in Using Prior Convictions

Like the ACCA claim against trial counsel, there is adequate evidence to support the effectiveness of appellate counsel regarding the issue. Appellate counsel noted the facts supporting the application of the ACCA in his *Anders* brief, which the Eleventh Circuit Court of Appeals granted. (Docs. 12-3 at 34–37, 12-2 at 2.) In granting counsel's *Anders* brief, the Court of Appeals indirectly agreed that there was no issue in treating the prior convictions as three separate offenses. (Cr. Doc. 71-1.) Counsel acted reasonably by noting the facts supporting the application of the ACCA in his *Anders* brief, so the first prong of ineffective counsel fails. Moreover, even if it was determined that counsel

---

[4] His three predicate crimes occurred on July 18, 2012, August 2, 2012, and August 8, 2012. (Cr. Doc. at 14-19.)

[5] Petitioner's trial counsel did not represent him on appeal.

should have done more regarding the issue, any alleged error did not prejudice Bryant's defense as proven by the Court of Appeals granting counsel's *Anders* brief.

### ii. Alleged Error Under *Rehaif*

Bryant further alleges that appellate counsel was ineffective for not challenging the jury instructions on appeal. (Doc. 2 at 14–15.) Specifically, Bryant alleges that the jury instructions violated his rights under *Rehaif v. United States*. (*Id.*); 588 U.S. 225, 228–34 (2019). In *Rehaif*, the Supreme Court clarified that the government is required to establish beyond a reasonable doubt that a defendant was knowingly of the relevant status set out in 18 U.S.C § 922(g). *Id.* at 230–31. In this case, Bryant was found to be in violation of 18 U.S.C. § 922(g)(1) because of his status as a felon. (Cr. Doc. 67 at 6.) Bryant argues that the jury instructions were deficient because they did not instruct the jury to determine whether he knew he was a felon at the time he possessed a firearm. (Doc. 2 at 15.) As the Government notes in its brief, Bryant's argument is flawed because he stipulated to knowing he was a felon before the trial, and the jury was told about this stipulation as part of the instructions. (Doc. 74 at 7-8.)

Because the jury instructions explained Bryant's stipulation, appellate counsel was reasonable in not arguing a violation of *Rehaif* in the jury instructions. Therefore, Petitioner fails to establish the first prong of ineffective assistance. Further, even if the first prong were met, because Petitioner waived the issue at trial by stipulating, any alleged error on appeal could not have prejudiced his defense. Therefore, the third ground is due to be dismissed as well.

### d. Due Process Clause of the Fifth Amendment Violation

Bryant alleges that his rights under the Due Process Clause were violated because of the jury instructions issue discussed above and because of the application of the ACCA at sentencing. (Doc. 2 at 16–17.) Both issues are due to be dismissed.

### i. Jury Instructions

Bryant's argument that his Fifth Amendment rights were violated because the jury instructions did not meet the requirements set forth in *Rehaif* is not convincing. The Court agrees with the Government and finds that because Petitioner stipulated to having the requisite knowledge under 18 U.S.C. § 922(g)(1) and the jury was informed of that stipulation, his right to due process of the law was not violated. (Doc. 74 at 7-8.)

### ii. Application of the ACCA

Further, Bryant's argument that the Court's application of the ACCA was a violation of due process also fails. (Doc. 2 at 17.) Bryant's argument is contingent on the predicate offenses failing the occasions clause of the ACCA. (*Id.*) As discussed above, the predicate offenses are three distinct convictions, and Bryant's due process claim, as it relates to the issue, fails. Therefore, Bryant's fourth ground is due to be dismissed for the reasons above as well.

## VI.   Conclusion

For the foregoing reasons, Bryant's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve to proceed

further." *Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).* This Court finds that Bryant's claims do not satisfy either standard. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on August 6, 2024.

_____
L. Scott Coogler
United States District Judge

215708